IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ALLAN OWENS,

                                                                      ORDER

                Petitioner,

                                                                     16-cv-0016-bbc

     v.

RANDALL HEPP, Warden,
Fox Lake Correctional Institution,

              Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Allan Owens, an inmate at the Fox Lake Correctional Institution, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his June 2013 conviction in the Circuit Court for Pepin County for one count of sexual assault and one count of felon in possession of a firearm. He has paid the five dollar filing fee, so his petition is ready for screening pursuant to Rule 4 of the Rules Governing Section 2254 Cases.

      Section 2254(a) provides that a district court "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." The rules governing habeas petitions provide that the petition must specify all the grounds for relief available to the petitioner *and* state the facts supporting each ground. Rule 2(c) of the Rules Governing Section 2254 Cases. The conclusory "notice

pleading" permitted in civil suits is inadequate in habeas cases, since "the petition is expected to state facts that point to a 'real possibility of constitutional error.'"  Advisory Committee Note to Habeas Rule 4 (quoting Aubut v. State of Maine, 431 F.2d 688, 689 (1st Cir. 1970)).  The petition must cross "some threshold of plausibility" before the state will be required to answer.  Harris v. McAdory, 334 F.3d 665, 669 (7th Cir. 2003); Dellenbach v. Hanks, 76 F.3d 820, 822 (7th Cir. 1996).

Owens's petition fails to cross this threshold.  He asserts four grounds for relief:  1) "Brady violations;" 2) ineffective assistance of counsel (both trial and appellate); 3) "Franks hearing;" and 4) plea withdrawal.  However, he provides few, if any, facts to support his claims.  As a result, this court is unable to determine whether any of the claims pass the threshold of plausibility necessary before ordering the state to answer.

Accordingly, I am directing petitioner to file an amended petition that provides more information about his claims.  For example, with respect to his "Brady violations" claim, (which I assume is a claim that the government violated its duty under Brady v. Maryland, 373 U.S. 83 (1963) to turn over exculpatory evidence), petitioner should specify what evidence the government withheld and how that evidence would have affected his decision to enter a no contest plea.  Similarly, with respect to his ineffective assistance of counsel claim, petitioner should state precisely what he thinks his lawyers did wrong and how those mistakes affected the outcome of his case.  When completing his amended petition, petitioner should keep in mind that it is his burden to provide facts sufficient to point to a real possibility of constitutional error.

ORDER

IT IS ORDERED that petitioner Allan Owens may have until March 21, 2016 in which to submit an amended petition that contains facts supporting each of his claims.

Entered this 24th day of February, 2016.

BY THE COURT:

/s/
_____
BARBARA B. CRABB
District Judge