IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

ALLAN DEAN OWENS,

                    Petitioner,                      OPINION AND ORDER

        v.                                              16-cv-16-wmc

RANDALL HEPP,
Warden, Fox Lake Correctional Institution,

                    Respondent.

        On March 1, 2013, petitioner Allan Dean Owens pleaded no contest to one count
of repeated sexual assault of a child and one count of felon in possession of a firearm in
Pepin County Case No. 2012CF8.  After Owens lost a pre-sentencing motion to withdraw
his plea, the circuit court sentenced him to 10 years imprisonment to be followed by 5
years extended supervision.  Owens then filed and lost a postconviction motion for a
hearing under *Franks v. Delaware*, 438 U.S. 154 (1978), and a renewed motion to withdraw
his plea in the trial court.  The Wisconsin Court of Appeals denied Owens' appeal of those
decisions, and the Wisconsin Supreme Court denied review.

        Owens now seeks a writ of habeas corpus from this court under 28 U.S.C. § 2254,
arguing that his conviction should be overturned for two reasons:  (1) the prosecution
withheld exculpatory evidence in violation of his due process rights and *Brady v. Maryland*,
373 U.S. 83 (1963); and (2) his trial counsel was ineffective for not conducting an
adequate investigation that would have led to the discovery of the exculpatory material.
The state filed an answer, along with records from the relevant state court proceedings, and

both parties have submitted briefing, making the petition ripe for decision. For the reasons that follow, the court concludes that Owens' petition must be denied.

FACTS[1]

In Pepin County Case No. 2012CF8, Owens was charged with one count of repeated sexual assault of a child under Wis. Stat. § 948.025(1)(e) and 13 counts of felon in possession of a firearm under Wis. Stat. § 941.29(2)(a). The underlying allegations accused Owens of sexually assaulting TEH, the fifteen-year old daughter of a woman with whom Owens had been in a relationship, on multiple occasions between September 1, 2011 and May 31, 2012. During a road trip to Missouri with her mother on June 9, 2012, TEH told her about the assaults, which she later reported to the Missouri police on June 15, 2012. Based on those reports, Wisconsin authorities arrested Owens, who was already a convicted felon. The police subsequently obtained a search warrant for the trailer of the bus that Owens drove and found 13 guns. After Owens repeatedly contacted the victim's mother to convince TEH to withdraw her statement to the police, the state added 3 charges of intimidation of a witness.

On March 1, 2013, Owens pleaded no contest to the sexual assault count and one count of firearm possession. In exchange, the state dismissed the remaining counts against Owens. After denying Owens' pre-sentencing motion to withdraw his plea, the circuit court sentenced him on June 25, 2013 to concurrent sentences resulting in 10 years' incarceration and 5 years' extended supervision.

---

[1] The following facts are taken from the petition and the state court records provided by petitioner and the state.

Owens filed a notice of intent to seek postconviction relief in the trial court, but his appointed attorney withdrew after determining that there were no issues of arguable merit. *See* Wis. Stat. § (App. Rule) 809.32(1)(b) (when appointed counsel determines that seeking postconviction relief would be meritless, defendant may (1) have appointed attorney file no-merit report, (2) close case without appeal, or (3) withdraw so defendant may proceed without attorney or with another attorney retained at defendant's expense). Choosing to proceed without an attorney, Owens filed: (1) a motion requesting a hearing under *Franks v. Delaware*, 438 U.S. 154 (1978), to challenge the basis of the search warrant that led to the discovery of guns in his trailer; and (2) a motion to withdraw his no contest plea based on new evidence. The circuit court denied both motions without a hearing, concluding that Owens had waived his *Franks* claim by pleading no contest and failed to present sufficient evidence to warrant the withdrawal of his plea. The circuit court also denied Owens' subsequent motion for reconsideration and motion to dismiss his complaint.

Owens filed an appeal with the Wisconsin Court of Appeals, which affirmed his judgment of conviction and the circuit court's denial of his postconviction motions. *State v. Owens*, 2014AP1456-CR (Jul. 28, 2015) (dkt. #9, exh. #6). The Wisconsin Supreme Court denied Owens' petition for review of that decision on December 2, 2015.

OPINION

In his pending § 2254 petition, Owens makes two arguments for relief: (1) the prosecution withheld exculpatory evidence in violation of his due process rights and *Brady*;

and (2) his trial counsel was ineffective for not conducting an adequate investigation that would have led to the discovery of this exculpatory material. Section 2254(d) allows courts to grant state prisoners' petitions for habeas corpus when the state court's adjudication of the merits of a claim for relief "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law." Before reviewing the merits of Owens' claim, however, Owens must first clear potential procedural hurdles barring review.

## I.     Lack of Exhaustion and Procedural Default

Federal courts may not review a habeas petition unless the prisoner has fairly presented his claims "throughout at least one complete round of state-court review, whether on direct appeal of his conviction or in post-conviction proceedings." *Richardson v. Lemke*, 745 F.3d 258, 268 (7th Cir. 2014); 28 U.S.C. § 2254(b)(1). This exhaustion requirement has two components:  (1) the petitioner's claims must be exhausted, meaning that there is no remaining state court with jurisdiction to hear the claims; and (2) exhaustion may *not* be attributable to the petitioner's failure to comply with the state court system's procedural rules. *Johnson v. Foster*, 786 F.3d 501, 504 (7th Cir. 2015); *Perruquet v. Briley*, 390 F.3d 505, 514 (7th Cir. 2004). When the petitioner has already pursued his state court remedies, as Owens did in this case, it is not the exhaustion doctrine that stands in the way of habeas relief, but rather the separate but related "doctrine of procedural default." *Perruquet*, 390 F.3d at 514.

The procedural default doctrine prevents a federal court from reaching the merits of a habeas claim when either that claim:  (1) was presented to the state courts, and the

state-court ruling against the petitioner rests on adequate and independent state-law procedural grounds; or (2) was not fairly presented to the state courts, and it is clear that those courts would now hold the claim procedurally barred. *Id.* (internal citations omitted); *Farmer v. Litscher*, 303 F.3d 840, 846 (7th Cir. 2002). With respect to the former, the Court of Appeals for the Seventh Circuit has held that a state is entitled to treat as forfeited a proposition that was not presented in the right court, in the right way, and at the right time as defined by state rules. *Szabo v. Walls*, 313 F.3d 392, 395 (7th Cir. 2002). With respect to the latter, to "fairly present" a claim in state court, a petitioner must present "both the operative facts and controlling law" relevant to his claim, as well as an analysis of the "constitutional nature of the claim." *Anderson v. Benik*, 471 F.3d 811, 815 (7th Cir. 2006). As a result, a federal habeas court "must determine whether, as a pragmatic matter, it is probable that the state tribunal was alerted to the federal quality of the claim." *Verdin v. O'Leary*, 972 F.2d 1467, 1475-76 (7th Cir. 1992). More specifically, this court must find the petitioner fairly presented his federal claim by framing it in the state proceedings in a way that "brings to mind a specific constitutional right" and alleges a set of facts that are "well within the mainstream of constitutional litigation." *Lieberman*, 505 F.3d at 670 (citing *Wilson v. Briley*, 243 F.3d 325, 327 (7th Cir. 2001)).

If a habeas petitioner has failed to fairly present state courts with the claims on which he now seeks relief in federal court *and* the opportunity to raise those claims in state court has passed, the petitioner has procedurally defaulted the claims. In its primary challenge to Owens' petition, the state just argues that: (1) Owens did not alert the state courts to the federal nature of his claim that the prosecutor withheld exculpatory evidence

in violation of the Due Process Clause of the Fourteenth Amendment; and (2) he failed to follow a state procedural rule before bringing his claim for ineffective assistance of counsel. Because this court agrees that both of Owens' claims are barred by the doctrine of procedural default, it is unnecessary to address the state's alternative arguments regarding the merits of those claims.

### A.     Exculpatory Evidence

Owens' federal due process claim is based on allegations that the prosecutors in his case failed to turn over "exculpatory evidence" as required by *Brady*, 373 U.S. at 87. Owens does not clearly identify the evidence he refers to or explain why he believes it is exculpatory, but his concerns seem to relate to inconsistencies and inaccuracies in (1) police reports from Missouri and Wisconsin and (2) reports or recordings of an interview with the victim conducted by the Pepin County Department of Human Services or the Pepin County Sheriff's Department. In *Brady*, the United States Supreme Court held that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *Id.* The three essential elements of a *Brady* claim are: "The evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching; that evidence must have been suppressed by the State, either willfully or inadvertently; and prejudice must have ensued." *Banks v. Dretke*, 540 U.S. 668, 691 (2004) (citing *Strickler v. Greene*, 527 U.S. 263, 281-82 (1999)).

The state contends that Owens did not fairly present a federal due process claim in

state court because in his postconviction motion to the county circuit court and subsequent appeal to the Wisconsin Court of Appeals, he only sought to withdraw his plea on state procedural and statutory grounds. A review of the brief that Owen filed in the state court of appeals confirms as much. Specifically, Owens argued that the circuit court erroneously (1) granted his appellate counsel's motion to withdraw, (2) denied his request for a *Franks* hearing, and (3) denied his motion to withdraw his no contest plea. (Dkt. #9, exh. #2.) Although Owens lists the prosecution's alleged failure to disclose a factual inconsistency between a police report and the victim's recorded statement as one of seven grounds justifying his motion to withdraw his no-contest plea, and the brief includes *Brady* in a string citation, he did so solely in the context of his state law claim for a plea withdrawal. (*Id.* at 20, 26.)

By framing the issue in this way, the state court of appeals quite correctly construed Owens to be making (or even implicating) state law claims, *not* a federal constitutional claim. As a result, both Owens and the court of appeals focused their analysis on whether he stated sufficient grounds for withdrawing his plea under state law without even discussing the elements of a *Brady* claim. In fairness, Owens did argue in his motion for reconsideration to the court of appeals that the trial court failed to consider his "*Brady* argument" as a ground for withdrawing his plea. Even if this vague reference to a possible constitutional claim could be considered fair presentment, however, it came much too late. Not surprisingly, the court of appeals also did not recognize the existence of any federal claim and ruled that Owens' conclusory allegations did not warrant reconsideration of its prior ruling. Therefore, this court finds that Owens did not fairly present his due process

claim in the state courts.

Similarly, Owens missed his opportunity to exhaust his claim in state court, thereby procedurally defaulting his due process claim. Accordingly, Wisconsin state law also precludes Owens' only remaining possible route through the state court system -- a motion to vacate, set aside, or correct his sentence under Wis. Stat. § 974.06. This is because that statute and the case law interpreting it "severely limits a prisoner's ability to bring such motions when he has already had his chance at the state courts." *Griffin v. McCaughtry*, 986 F. Supp. 570, 575 (E.D. Wis. 1997). Section 974.06(4) specifically requires that:

> All grounds for relief available to a prisoner under this section must be raised in his original, supplemental or amended motion. Any ground finally adjudicated or not so raised, or knowingly, voluntarily and intelligently waived in the proceeding that resulted in the conviction or sentence or in any other proceeding the prisoner has taken to secure relief may not be the basis for a subsequent motion, unless the court finds a ground for relief asserted which for sufficient reason was not asserted or was inadequately raised in the original, supplemental or amended motion.

Where a procedural default has occurred, federal habeas corpus review is available only if the petitioner can demonstrate: (1) "cause for the default and actual prejudice as a result of the alleged violation of federal law," or (2) "failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *Brown v. Watters*, 599 F.3d 602, 609 (7th Cir. 2010) (citing *Johnson v. Hulett*, 574 F.3d 428, 430 (7th Cir. 2009). Although Owens has generally alleged that his *trial* counsel provided him with ineffective assistance, he was already proceeding *pro se* when he filed his postconviction motion, and he does not identify any cause for failing to fairly present his

due process claim in the state court.[2] *See Lee v. Foster*, 750 F.3d 687, 694 (7th Cir. 2014) (showing of cause and prejudice or fundamental miscarriage of justice can excuse default, but court refuses to make the argument for petitioner where he had not made it himself). Having passed on his opportunity to exhaust state court remedies with respect to a substantive due process theory, Owens' due process claim is barred by the doctrine of procedural default.

## B.    Ineffective Assistance of Trial Counsel

Owens' second claim for relief is based on a claim that his trial attorney's ineffective assistance resulted in his failure to conduct an adequate investigation, which would have led to the discovery of as yet unidentified "exculpatory material." In response, the state contends that Owens procedurally defaulted this claim by not complying with Wisconsin's requirement that defendants who file postconviction motions for ineffective assistance of counsel or manifest injustice sufficient to support the withdrawal of a *guilty* plea must allege more than conclusory allegations. *State v. Allen*, 2004 WI 106, ¶ 15, 274 Wis. 2d 568, 682 N.W.2d 433. In particular, the Wisconsin Supreme Court has held that defendants must allege "the five "w's" and one "h" -- who, what, where, when, why, and how. A motion that alleges, within the four corners of the document itself , [this] kind of material factual objectivity . . . will necessarily include sufficient material facts for reviewing courts to

---

[2]  This court previously ruled that Owens could not proceed on an ineffective assistance of counsel claim related to his unknowing waiver of his right to appellate counsel because Owens received a letter from his appellate counsel informing him of his right to counsel on appeal and the risks of proceeding *pro se*, which satisfied counsel's obligations before withdrawing from representing plaintiff on appeal.  (Dkt. #5 at 4.)

meaningfully assess a defendant's claim." *Id.* ¶ 23.

Not only does Owens fail to offer *any* straightforward delineation of his federal claim in state court, the Wisconsin Court of Appeals expressly found procedural default in rejecting Owens' ineffective assistance of trial counsel claims:

> Although ineffective assistance of counsel can constitute a manifest injustice, *see State v. Bentley*, 201 Wis. 2d 303, 311, 548 N.W.2d 50 (1996), Owens' motion makes only conclusory allegations and fails to establish how he was prejudiced by any claimed deficiency of trial counsel. Conclusory arguments are insufficient to determine trial counsel was ineffective. *See State v. Allen*, 2004 WI 106, ¶ 23, 274 Wis. 2d 568, 682 N.W.2d 433 (requiring specificity in postconviction motions).

(Dkt. #9, exh. #6 at p. 7, ¶ 13.) Accordingly, Owens has procedurally defaulted this claim as well. *See Lee*, 750 F.3d at 694 (upholding *Allen's* well-rooted, procedural requirement as providing independent and adequate state procedural ground for procedural default in Wisconsin).

## II.    Certificate of Appealability

Under Rule 11 of the Rules Governing Section 2254 Cases, the court must issue or deny a certificate of appealability when entering a final order adverse to petitioner. A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Under the controlling standard, this requires a petitioner to show "that reasonable jurists could debate whether (or, for that

matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations and citations omitted). Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

Although the rule allows a court to ask the parties to submit arguments on whether a certificate should issue, it is not necessary to do so in this case. For the reasons already stated, the court concludes that both of Owens' claims must be denied on procedural grounds. Because reasonable jurists would not otherwise debate whether a different result was required, no certificate of appealability will issue.

ORDER

IT IS ORDERED that petitioner Allan Dean Owens' petition for a writ of habeas corpus under 28 U.S.C. § 2254 is DENIED and this matter is DISMISSED. Additionally, a certificate of appealability is DENIED. If petitioner wishes, he may nevertheless seek a certificate from the court of appeals under Fed. R. App. P. 22.

Entered this 14th day of November, 2018.

BY THE COURT:

/s/

WILLIAM M. CONLEY
District Judge