IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ALLAN DEAN OWENS,

       Petitioner,       ORDER

  v.               16-cv-16-wmc

RANDALL HEPP, Warden,
Fox Lake Correctional Institution,

       Respondent.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

  Petitioner Allan Dean Owens has filed a motion under Fed. R. Civ. P. 59(e) for reconsideration of this court's order denying his application for a writ of habeas corpus under 28 U.S.C. § 2254. (Dkt. #10.) Under Rule 59(e), a court has the opportunity to consider newly discovered material evidence or intervening changes in the controlling law or to correct its own manifest errors of law or fact to avoid unnecessary appellate procedures. *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996); *see Harrington v. City of Chi.*, 433 F.3d 542, 546 (7th Cir. 2006). A "manifest error" occurs when the district court commits a "wholesale disregard, misapplication, or failure to recognize controlling precedent." *Burritt v. Ditlefsen*, 807 F.3d 239, 253 (7th Cir. 2015) (internal quotations and citations omitted). Rule 59(e) "does not provide a vehicle for a party to undo its own procedural failures, and it certainly does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment." *Moro*, 91 F.3d at 876. Rule 59(e) relief is only available if the movant

1

clearly establishes one of the foregoing grounds for relief. *Harrington*, 433 F.3d at 546 (citing *Romo v. Gulf Stream Coach, Inc.*, 250 F.3d 1119, 1122 n.3 (7th Cir. 2001)).

Petitioner fails in his Rule 59(e) motion to present any evidence or argument warranting reconsideration of the judgment in this case. Instead, he reargues his position that he adequately raised his *Brady* violation argument to the Wisconsin courts, and claims that prosecutorial misconduct excuses procedural default. However, the court is not persuaded that petitioner's arguments before the Wisconsin Court of Appeals adequately analyzed his proposed *Brady* claim to preserve them for federal review, since his reference to the late disclosure of exculpatory evidence was discussed in one of seven different factors pertaining to his motion to withdraw his guilty plea claim. (*See* dkt. #9, at 20-33.)

Additionally, petitioner failed to develop an argument that prosecutorial misconduct constitutes such a flagrant miscarriage of justice to avoid dismissal on procedural default grounds, and the cases petitioner cites in support of the notion that prosecutorial misconduct excuses procedural default do not stand for that proposition. *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991) (setting forth cause and prejudice showing necessary to overcome procedural default); *Murray v. Carrier*, 477 U.S. 478, 488 (1986) (ineffective assistance of counsel may constitute cause for procedural default); *Banks v. Reynolds*, 54 F.3d 1508, 1515 (10th Cir. 1995) (habeas petitioner may establish cause for procedural default by showing he received ineffective assistance of counsel). None of petitioner's arguments convince the court that it committed a manifest error in reaching those conclusions and denying his petition. Accordingly, the motion for reconsideration

2

is denied.

## ORDER

IT IS ORDERED THAT petitioner Allan Dean Owens' motion for reconsideration under Fed. R. Civ. P 59(e) (dkt. #28) is DENIED.

Entered this 18th day of September, 2019.

BY THE COURT:

/s/
_____
WILLIAM M. CONLEY
District Judge